IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | | |
|---|---|---|
| **PAULETTE DAVIS,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| **LYONDELL CHEMICAL COMPANY** | § | **JURY DEMANDED** |
| | § | |
| **Defendant** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

**NOW COMES,** Paulette Davis ("Plaintiff"), and files this Original Complaint against Lyondell Chemical Company, (hereinafter "Lyondell" or "Defendant") and for cause of action would show the following:

**I.**
**PARTIES**

1. Plaintiff, Paulette Davis, is a citizen of the United States and the State of Texas and resides in Brazoria County, Texas.

2. Defendant Lyondell Chemical Company is a Foreign Corporation and may be served with process through its Registered Agent, CT Corporation System, 1999 Bryan Street, Suite 900 Dallas, Texas 75201.  Plaintiff has requested a waiver of summons from the Defendant at this time.

## II.
### JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's causes of action arise under federal statutes: Title VII of the Civil Right Act of 1964 (42 U.S.C. § 12101 et seq.) and the Age Discrimination in Employment Act ("ADEA") (29 U.S.C. § 623).

4. Venue is proper in the Southern District of Texas, Houston Division pursuant to 28 U.S.C. § 1391(a) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## III.
### EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. On July 30, 2024, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"); Charge No. 460-2024-03899. Subsequently, on October 16, 2024, the EEOC issued Plaintiff a Notice of Right to Sue. *See* Exhibit A. Plaintiff files this lawsuit within ninety (90) days of receiving her Notice of Right to Sue and her lawsuit is therefore timely filed.

## IV.
### BACKGROUND AND FACTS

6. Paulette Davis was hired by the Defendant on July 27, 1997. She was employed by the Defendant for more than twenty-six (26) years until she was abruptly terminated on April 1, 2024.

7. Ms. Davis performed well throughout her tenure with Lyondell earning the respect of her managers, superintendents, supervisors and colleagues. She was promoted to positions of increasing responsibility throughout her tenure. After starting her career as a Lab Technician, she was promoted to the role of Lead Lab Technician in 2019. In October of 2021 she was promoted to the role of Quality Control Lab Supervisor, a position she held until her termination. She was

the only African American female first line supervisor at the plant. Despite Plaintiff's long history with Lyondell, her career was irreparably damaged when she filed an internal discrimination report on or about April 17, 2023.

8. During the final year of her tenure, Ms. Davis primarily reported to Interim Lab Manager Cindi Johnson. During the time that she reported to Ms. Johnson, Ms. Davis observed that African American employees and other minorities received harsh discipline and punishment greatly in excess of employees outside of their protected class.

9. In April of 2023, Ms. Davis was instructed by Cindi Johnson to reprimand one of her direct reports Jermaine Duncan for "violating the overtime policy." As instructed by Ms. Johnson, the Plaintiff investigated the alleged violations by Mr. Duncan. She was assisted by H.R. Consultants Bryan Hunter and Sara Bozalina. At the conclusion of the investigation, Ms. Davis shared the group's findings. It was determined that Mr. Duncan had not violated the policy and that no disciplinary action was warranted. In response to her findings, Ms. Johnson became visibly enraged and upset. She screamed at Ms. Davis, ordering her to investigate further and essentially to find some reason to reprimand Mr. Duncan.

10. On April 17, 2023, Ms. Davis reported to H.R. Consultant Bryan Hunter that Ms. Johnson was targeting minority employees for excessive discipline. In her report, Ms. Davis expressed concern that several African American and Hispanic employees had either been terminated or disciplined in a manner that greatly exceeded colleagues outside of their protected classes. She reported that Ms. Johnson was directly responsible for excessive discipline of these minority employees and cited the situation with Mr. Duncan (African American) as an example. She also reported that Ms. Johnson had berated her for refusing to discipline Mr. Duncan. Mr. Hunter had

cautioned her against reporting discrimination stating that these were "strong words that the Company did not like for employees to use."

11.     On May 11, 2023, Ms. Davis was invited to a follow-up meeting with H.R. Consultant Bryan Hunter regarding her April 17, 2023 discrimination complaint.  Mr. Hunter reported that the investigation was complete and her claims against Ms. Johnson had been substantiated. He further reported that Ms. Johnson would be disciplined for the incident.  Mr. Hunter shared the Company's policy on retaliation.  He instructed her to let him know if she experienced any retaliation from Ms. Johnson based on her report.

12.     On or about June 20, 2023, Ms. Davis reported to Mr. Hunter that she was experiencing retaliation from Ms. Johnson for reporting discrimination.  Ms. Davis reported that Ms. Johnson was retaliating against her by making false statements about her performance, excluding her from important communications and meetings.  Specifically, Ms. Johnson had excluded her from communications regarding an upcoming internal audit.  Ms. Davis reported that Ms. Johnson's decision to exclude her from communications and preparations for the internal audit prevented her from doing her job and was setting her up for disciplinary action.

13.     On or about June 27, 2023, Ms. Davis also reported to Lyondell Manager Dean Hofmann that she was experiencing retaliation from Ms. Johnson for reporting discrimination.  She also expressed concern that Ms. Johnson was discriminating against her because of her age and proximity to retirement.  On or about July 19, 2023, Ms. Davis again reported to Bryan Hunter that she continued to experience retaliation from Ms. Johnson for reporting discrimination.  Ms. Davis followed up with an email to Mr. Hofmann where she predicted that things would likely get worse following his discission with Ms. Johnson.

14. On or about July 27, 2023 Ms. Davis again reported to Dean Hofmann that she was experiencing retaliation and age discrimination from Ms. Johnson. She expressed frustration that Ms. Johnson had been allowed to pursue a vendetta against her despite Company policies against discrimination and retaliation.

15. On or about August 9, 2023, Ms. Davis scheduled another meeting with Dean Hofmann in his office. The purpose of the meeting was to follow up on her discrimination and retaliation complaint(s). She shared additional examples of actions taken by Ms. Johnson to retaliate against her for reporting discrimination.

16. On or about August 15, 2023, H.R. Consultant Bryan Hunter called the Plaintiff to his office to discuss her meeting with Dean Hofmann regarding her discrimination and retaliation complaint. He asked follow-up questions about the examples of discrimination and retaliation she had shared with Mr. Hoffmann. During this meeting Ms. Davis reported that Ms. Johnson was still retaliating against her and asked him what the Company was doing to address the situation. Mr. Hunter responded by claiming that she needed to try to get along with Ms. Johnson since they both had applied for the permanent Lab Manager position and would have to work together. Based on Mr. Hunter's remark, Ms. Davis grew increasingly concerned that there would be no accountability for Ms. Johnson's retaliatory behavior.

17. In December of 2023 Ms. Davis experienced additional retaliation when the Company began investigating her and soliciting her direct reports for negative information about her management and leadership style.

18. On or about January 22, 2024, Ms. Davis received a call from H.R. Generalist Tyler Padgett questioned her about Company policy including overtime and funeral leave. On or about

February 14, 2024, Ms. Padgett called Ms. Davis and asked a series of questions about what direction she faced while sitting in her office and whether she stared out at her employees. Ms. Davis described the layout of her office and denied staring at any of her employees. Due to the timing and style of questions, it was clear that the Company was looking for a reason to terminate her employment.

19. On or about March 7, 2024, Ms. Davis was placed on paid leave of absence pending an investigation. The Company added insult to injury by escorting her from the facility by security and forcing her to wait while they gather her personal items.

20. Despite the humiliation of her removal from the facility, Ms. Davis continued to check in with the Company and inquired as to when she could return to work. Just over one month later, Ms. Davis was terminated from the Company after more than twenty-six (26) years of service.

## V.
## COUNT 1: RETALIATION IN VIOLATION OF TITLE VII

21. Title VII of the Civil Rights Act of 1964 prohibits retaliation against a person who has opposed discrimination by filing a charge, participating or testifying in an investigation, proceeding or litigation. *See* 29 U.S.C. § 2000e-3(a).

22. Pursuant to 29 U.S.C. § 2000e-3(a) Plaintiff Paulette Davis pleads a cause of action against Defendant Lyondell Chemical Company for retaliation.

23. The allegations contained in all paragraphs of the Complaint are hereby incorporated by reference with the same force and effect as if set forth verbatim.

24. Ms. Davis engaged in protected activity by filing an internal discrimination complaint against her supervisor, Interim Lab Manager Cindi Johnson. In her report she detailed how Ms. Johnson violated the law by subjecting minority employees at Lyondell to discipline and

punishment greatly in excess of peers outside of their protected class. As a result of this report Ms. Davis experienced retaliation including, but not limited to, exclusion from important communications and meetings. She continued to report retaliation in several follow-up meetings with the Company's leadership between April and August of 2023. In December of 2023 the Defendant began investigating Ms. Davis, placing her on administrative leave on March 7, 2024. She was terminated from her position less than one month later on April 1, 2024. The effect of these practices has been to deprive the Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee.

25. The Plaintiff alleges that Defendant retaliated against her by excluding her from meetings and communications that would allow her to do her job, subjecting her to excessive disciplinary measures, placing her on administrative leave and terminating her employment.

### COUNT 2: AGE DISCRIMINATION

26. The Age Discrimination in Employment Act ("ADEA") prohibits discriminatory employment actions against employees based on their age. The ADEA broadly prohibits discrimination against individuals forty (40) years of age or older.

27. Pursuant to 29 U.S.C.A § 623 Plaintiff Paulette Davis pleads a cause of action against Defendant Lyondell Chemical Company for age discrimination.

28. The allegations contained in all paragraphs of the Complaint are hereby incorporated by reference with the same force and effect as if set forth verbatim.

29. The Defendant engaged in discrimination against Plaintiff Paulette Davis, an individual over forty (40) years of age. Ms. Davis was clearly qualified for her job at Lyondell. She worked for the Company for more than twenty-six (26) years and was promoted to positions of increasing

responsibility throughout her career. Ms. Davis was discharged from her position and was replaced by someone younger and/or otherwise able to show that she suffered adverse employment action because of her age.

30. Plaintiff asserts that the Defendant discriminated against her by excluding her from important meetings and communications, subjecting her to excessive disciplinary action and terminating her employment based on her age and proximity to retirement in violation of the Age Discrimination in Employment Act.

## VI.
### DAMAGES

31. Plaintiff has sustained damages because of the actions and/or omissions of the Defendant described herein. Accordingly, the Plaintiff is entitled to an award of actual, compensatory damages and/or liquidated damages including lost wages and benefits in the past and future, in an amount within the jurisdictional limits of the Court.

32. Plaintiff also asserts that Lyondell Chemical Company acted with malice or reckless indifference to her federally protected rights, entitling her to an award of **punitive damages**.

## VII.
### JURY DEMAND

33. Plaintiff demands a jury on all issues to be tried in this matter and herein submits the jury fee.

## VIII.
### PRAYER

34. For the reasons set forth above, Plaintiff Paulette Davis respectfully prays that Defendant Lyondell Chemical Company be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against the Defendant for damages in an amount

within the jurisdictional limits of the Court; together with interest as allowed by law; attorney's fees, costs of court and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully Submitted,

**DUPREE LAW FIRM, PLLC**

Ronald Dupree
Texas Bar No. 24055433
Southern Dist. No. 1046738
2800 Post Oak Blvd, Suite 4100
Houston Texas 77056
Main: 832-800-4529
Fax: 281-503-7905
Email: Ronald@dupreelawfirm.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFF**